UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN JASON CHANAGUANO CAIZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-00500-JAW |
| ) | |
| RODNEY S. SCOTT, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER TO EXTEND TEMPORARY RESTRAINING ORDER**

The court extends a temporary restraining order, enjoining the respondents from removing the petitioner from the United States and ordering the respondents to continue to allow for communication between the petitioner and his counsel, both pending further order of this court.

On September 30, 2025, Kevin Jason Chanaguano Caiza filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241 while detained by Customs and Border Protection (CBP) in Fort Fairfield Station, 200 Limestone Road, Fort Fairfield, Maine. *Verified Pet. for Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 65(b)* ¶¶ 1-2. (ECF No. 1) (*Pet.*). Later that day, pursuant to 28 U.S.C. § 2243, this Court issued an order to show cause instructing Respondents[1] to explain why this petition for a writ of habeas corpus should not be granted. *O.S.C.* (ECF No. 5).

---

[1] Mr. Chanaguano Caiza brings the underlying habeas petition and seeks relief from Rodney S. Scott, in his official capacity as the Commissioner of U.S. CBP, Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE), and Kristi Noem, in her official capacity as U.S. Secretary of Homeland Security (jointly, the Respondents).

On October 1, 2025, DHS transferred Mr. Chanaguano Caiza from Fort Fairfield, Maine to Delaney Hall Detention Facility, Newark, New Jersey. *Emergency Verified Am. Pet for Writ of Habeas Corpus and Req. for Emergency Injunctive Relief Pursuant to Fed R. Civ. P. 65(b)* (ECF No. 7) ¶ 2 (*First Am. Pet.*). Then, on October 2, 2025, Mr. Chanaguano Caiza filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 and further sought emergency injunctive relief from the Respondents. *First Am. Pet.* Later on October 2, 2025, this Court issued a temporary restraining order to maintain the status quo: it prohibited Respondents from removing Mr. Chanaguano Caiza from the United States to allow his petition to receive proper due process and to allow his attorneys to communicate with him. *Order on Mot. for TRO* (ECF No. 10) (*TRO*).

On October 3, 2025, Respondents submitted their response to the order to show cause. *Return and Resp. to O.S.C.* (ECF No. 11) (*Opp'n to O.S.C.*). On October 8, 2025, Mr. Chanaguano Caiza submitted his reply to Respondents' response to the order to show cause, *Pet'r's Reply to Resp't's Return and Resp. to O.S.C.* (ECF No. 17) (*Reply to Opp'n to O.S.C*), as well as an emergency motion for a preliminary injunction seeking to enjoin Respondents from transferring him from the Delaney Hall Detention Facility. *Prelim. Inj. Mot.* at 6.

Most recently, on October 9, 2025, Respondents filed their sur-reply to the order to show cause, *Sur-Reply to Pet'r's Reply to Return and Resp. to O.S.C.* (ECF No. 20) (*Sur-Reply to O.S.C*), as well as their opposition to the emergency motion for preliminary injunction. *Resp. in Opp'n to Emergency Mot. for Prelim. Inj. Enjoining*

*Transfer* (ECF No. 21) (*Opp'n to Prelim. Inj. Mot.*).  Currently, the TRO prohibiting the Respondents from transferring Mr. Chanaguano Caiza out of the United States and ensuring his access to counsel are set to expire today, October 16, 2025.  *TRO*.

Under Federal Rule of Civil Procedure 65(b)(2), a temporary restraining order, "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.  The reasons for an extension must be entered in the record."  FED. R. CIV. P. 65(b)(2).

The parties have submitted well researched memoranda taking different positions on critical issues of law.  To do justice to their arguments in a rapidly evolving area of law, the Court requires additional time to research and resolve their countervailing positions.  Thus, the Court extends the TRO to maintain the status quo while the Court take additional time to consider the preliminary injunction motion and merits of the underlying habeas corpus petition and to accommodate and reflect developments in status of Petitioner's underlying immigration proceeding.

Further, 28 U.S.C. § 2243 provides "[w]hen the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."  Given the Court's determination that the merits of the case are a close issue, it is impractical to hold a hearing on a case that may (or may not) be dismissed.  Therefore the court, sua sponte, continues the hearing until after a ruling on the merits of the preliminary injunction motion.

Based on the foregoing, the Court ORDERS:

1. The Court ORDERS that the October 2, 2025 Order on Motion for Temporary Restraining Order (ECF No. 10) is EXTENDED and that it shall be in effect until October 30, 2025.

SO ORDERED.

                /John A. Woodcock, Jr.
                JOHN A. WOODCOCK, JR.
                UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2025